ALBERT G. SLAYTON *vs.* JUDSON McINTYRE & others.

On a writ of entry to foreclose a mortgage, which the defendant pleads has been paid, if the jury find that nothing is due upon the mortgage, the plaintiff cannot recover, although the mortgage was actually paid after breach of condition.

On a writ of entry to foreclose a mortgage, the defendant, under a bill of particulars filed by order of the court, setting forth an account between the parties and a balance due the defendant, may introduce evidence that it was agreed between the plaintiff and himself that the sum due to the defendant on this account should be applied to the payment of the mortgage note.

DEWEY, J. This is a writ of entry to foreclose a mortgage given to the plaintiff to secure the payment of a promissory note. To this action the defendants filed a plea of nul disseisin, accompanied with this further allegation, " and in addition to the above plea the defendants say the mortgage mentioned by the plaintiff is paid, satisfied and extinguished."

The principal and more important question in the present case is of the proper tribunal to try the issue raised by the pleadings and specification of defence.

The position taken by the plaintiff is, that the only questions properly before the jury were those of the due execution of the mortgage deed, and the failure to pay the note secured thereby at the day it became payable, and that these facts being shown, the plaintiff had well maintained his action, and was entitled to a verdict in his favor. The theory of the plaintiff is that the question whether anything is due on the mortgage is to be

wholly withdrawn from the jury and submitted to the court. This is supposed to result from the provisions of the Rev. Sts. *c.* 107, §§ 3, 5, providing for rendering the conditional judgment in actions brought to foreclose mortgages.

The ascertaining of the amount for which a conditional judgment is to be rendered is undoubtedly a subsequent step or stage of the proceedings, to that of deciding whether the plaintiff has shown a case entitling him to any conditional judgment. But the question of maintaining the action involves, in addition to the proof of the due execution of the mortgage and a breach of the condition, the inquiry whether anything is due on the mortgage that can be made the basis of a conditional judgment. If it is shown that the same has been fully satisfied, paid and extinguished as to all liabilities secured thereby, there can be no conditional judgment for foreclosure. Hence the plaintiff cannot maintain his action in the case supposed, if the fact be established to the satisfaction of the jury, that there is nothing due upon the note secured by the mortgage. Any other result, or permitting the plaintiff to maintain his action, would give to him the barren victory of a verdict in his favor, when he could by no possibility reap any benefits therefrom. No *habere facias possessionem* could issue, because the conditional judgment would be that such writ should issue only in case the defendant should neglect, for two months after the judgment, to pay to the plaintiff the sum found due on the mortgage, with interest. That sum, being nothing, would leave nothing to pay, and no writ could therefore issue to give the plaintiff the possession of the demanded premises. We are of opinion therefore that it is a proper question to be submitted to the jury on the trial of an action to foreclose a mortgage, whether any debt or liability exists that was embraced in the mortgage; and if, upon the whole evidence in the case, the jury find the debts and liabilities secured by the mortgage fully paid and discharged, it will be their duty to return a verdict in favor of the defendant.

It is urged on the part of the plaintiff that this view of the question is at variance with the settled doctrine of the law as

to the legal estate of the mortgagee, as between him and the mortgagor, and especially in reference to a case in which there has once been a breach of the condition of the mortgage. The cases of *Maynard* v. *Hunt*, 5 Pick. 240, and *Parsons* v. *Welles*, 17 Mass. 418, are particularly relied upon as sustaining the position of the plaintiff.

A careful examination of the case of *Maynard* v. *Hunt* will show that this precise question is left undecided by that case. The defence to the action for foreclosing a mortgage in that case was a tender of the amount due on the mortgage after condition broken, but such tender not accepted. The court held that this constituted no good defence. But they did not say that payment tendered and received, after condition broken, and before foreclosure, would not bar a recovery in a suit for possession of the mortgaged premises. On the contrary, a distinction was pointed out between the two cases. The receipt of payment, it was said, " might operate as a discharge of the debt, and waiver of the breach of the condition ; and it might be unreasonable to allow the mortgagee to recover possession, when by another suit he would be immediately obliged to surrender it." 5 Pick. 243.

The case of *Parsons* v. *Welles* is certainly more to the point, and if full effect were given to the opinion drawn up in that case, it would follow that the legal estate in such case of payment of the debt secured by the mortgage, after breach of condition, would be held to be in the mortgagee, and although he had no claim but the mere legal estate, he might maintain a writ of entry against the mortgagor. But that case was in fact not an action brought by the mortgagee against the mortgagor to recover possession of the premises, but a writ of entry brought by the mortgagor against the mortgagee, and a mortgagee whose entry was under judgment of court, and whose possession was acquired by virtue of a writ of *habere facias possessionem.* Even this case, it was freely admitted by the learned judge who delivered the opinion, was one of difficulty, and upon which learned judges and jurists had held different opinions. But it was decided that the remedy of the mortgagor,

in case of payment of the debt after the mortgagee had entered for condition broken, was solely by a bill in equity. Beyond this, that case is not to be deemed authoritative. So far as the opinion was there expressed, that a mortgagee, after having received payment of the debt secured by his mortgage, after condition broken, might sustain an action at law to recover the possession as against the mortgagor upon the strength of his bare legal estate, we have the best evidence of its unsoundness, in the explicit disavowal of the correctness of the remark, by the same judge who gave that opinion, in his more recent opinion in the case of *Wade* v. *Howard*, 11 Pick. 297. This latter case seems indeed decisive of the present question in the case before us. It was there held that the mere legal estate of a mortgagee, after condition broken and after the debt has been paid, will not enable him to maintain a writ of entry against the mortgagor, for in that case the conditional judgment cannot be entered.

In *Wearse* v. *Peirce*, 24 Pick. 144, it was held by the court, " that if it appears that the debt has been wholly paid, nothing remains due, no conditional judgment can be entered, the statute authorizes no other judgment, and it follows, as a necessary legal consequence, that the plaintiff can have no judgment and the defence prevails." The language of the court in *Burke* v. *Miller*, 4 Gray, 116, is to the like effect, as is also 2 Greenl. Ev. § 330.

Under this exposition of the law, there can be no question but that it is a competent defence to an action like the present, that the debt secured by the mortgage has been paid to the mortgagee before the institution of his suit, and that there is no indebtedness or liability which can be made the basis of a conditional judgment.

The only remaining question is of the competency of the evidence offered and admitted to prove the payment of the note secured by the mortgage. The objection taken is that the bill of particulars of the payments, filed by the defendants, stated certain items of indebtedness from the plaintiff to the defendants, " agreed upon by the plaintiff to be correct," but which the particulars omitted to state had by the parties been agreed

to be applied to the payment of the note. But we think this objection not tenable. Under the defence that "the mortgage was paid, satisfied and extinguished," it was competent to show that the balance due to the defendants on account, as stated in the bill of particulars, was by agreement of the parties to be applied to the payment of this note, and was in fact so applied. Although not stated in the bill of particulars as a sum actually applied to the discharge of the note, it was stated as an item in a bill of particulars ordered by the court, on the motion of the plaintiff that "the defendants be required to file a bill of particulars of the payments of the mortgage, stating the time and amount of said payments." The party was therefore fully apprised by the bill of particulars filed under this order, and under the general allegation of payment of the note relied upon in defence, as to this alleged payment; and the testimony tending to prove that this sum was agreed by the parties to be applied in part payment of the note was competent evidence and properly admitted.

It may be proper to remark, before concluding this opinion, that while it is true, as was incidentally stated in the early part of the opinion, that the ascertaining of the amount for which a conditional judgment is to be entered, where a proper case is shown for any such judgment, is a subsequent or second step in the progress of the cause; it is not to be understood that the provisions of *c.* 107, § 5, enacting that when the conditional judgment is to be entered, "the court shall inquire and determine how much is due to the plaintiff," necessarily confines that part of the hearing to an inquiry by the presiding judge exclusively. In the opinion of the court it is competent for the judge to submit any questions of fact in controversy to the jury upon such hearing, that he may deem of such a character as to require the intervention of a jury. *Exceptions overruled.*

*H. Chapin & W. T. Harlow,* for the plaintiff.

*P. C. Bacon & S. P. Twiss,* for the defendants.